**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SCOTT DOLEMBA, individually, and HERMINIA DOLEMBA, individually and on behalf of the class described herein,

Plaintiffs,

vs.

VISION FINANCIAL CORP.,

Defendant.

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Scott Dolemba and Herminia Dolemba bring this action to secure redress from unlawful collection practices engaged in by defendant Vision Financial Corp. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), 28 U.S.C. §1337 and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because defendant is located within this District and because defendant's collection communications were received by plaintiffs within this District.

**PARTIES**

4. Plaintiffs are husband and wife and reside in the Northern District of Illinois.

5. Defendant Vision Financial Corp., is a New York corporation with its principal office located at 5301 East State Street, Lower Level, Rockford, Illinois 61108. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive,

Springfield, Illinois 62703.

6. Defendant, Vision Financial Corp., is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Defendant, Vision Financial Corp., is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff Scott Dolemba an alleged wireless cell phone debt incurred, if at all, for personal, family or household purposes.

9. On Thursday, January 28, 2016, at about 7:19 p.m., plaintiff Scott Dolemba received a call on his cell phone. The number that appeared as the originating number was 630/ 318-4608. After a delay of a couple of seconds, a person came on the line who eventually identified himself as "Abner" from Vision Financial and sought to collect a Verizon debt, allegedly owed by Scott Dolemba. The caller would not identify himself until plaintiff provided his address and the last four digits of his Social Security number.

10. On Tuesday, February 9, 2016, at about 9.35 a.m., "Abner" called Scott Dolemba again. The number that appeared as the originating number was 630/ 592-8715. Mr. Dolemba asked him to stop calling.

11. Later on the same day, at about 11:24 a.m., plaintiff Herminia Dolemba received a call from the same number.

12. Mrs. Dolemba received another call on her cell phone on February 11, 2016. On information and belief, this call was also placed using automated dialing equipment. The call was placed from 877/363-9934.

13. Mrs. Dolemba received another call on her cell phone on February 16, 2016. On information and belief, this call was also placed using automated dialing equipment. The call was placed from 630/592-8990.

14. Mrs. Dolemba received another call on her cell phone on February 18, 2016. On information and belief, this call was also placed using automated dialing equipment. The call

was placed from 630/246-4075.

15. By calling 630/318-4608, 630/ 592-8715, 877/363-9934, 630/592-8990, the caller is connected with an automated telephone system in which a recorded or computer-generated voice asks the caller to press the number 1 or 2 to indicate whether the caller speaks English or Spanish. The message received by calling each of these numbers is identical. On information and belief, all of these numbers are used by Vision Financial and are part of the same automated system used to place outgoing calls.

16. On information and belief, Vision Financial placed other automated calls to both plaintiffs. Plaintiffs were not able to answer all of the calls placed to them, or calls were dropped by defendant's system.

17. Vision Financial uses automated dialing equipment. It states on its web site (www.visionfinancialcorp.com/vision_choice_technology.html) that it has "A superior skip-tracing system that accesses thousands of telephone numbers every hour. If a customer has moved or changed phone numbers, our system doesn't miss a beat -- enabling our account reps to reach that person just as quickly. [¶] Vision uses one of the most efficient predictive dialers, which eliminate the down time between calls. Every minute of an account representative's time is spent working to collect your receivables."

18. Vision Financial also states on its web site, under "More On Technology" (www.visionfinancialcorp.com/more_on_technology.html), that "We recognize the importance of using state-of-the-art tools to best serve our clients, and continuously research new technologies to ensure that we have the most efficient and advanced operations platform. [¶] AdvantEdge®, from Accelerated Data Systems, is a flexible and scalable collections software application that provides Vision with a comprehensive information framework that includes extensive data management and development tools, a powerful extraction, transformation, and loading (ETL) tool, business intelligence and analysis services. [¶] All customer accounts are maintained within the Vision infrastructure, where we utilize a Microsoft-based SQL database.

All patient responses, payments, correspondence, inquiry calls, and more will be directed back to Vision for follow-up. . . . [¶] By using its predictive dialer, Vision is capable of leaving thousands of messages on answering machines or with live contacts. . . . . [¶] Vision uses a wide variety of tools and methods to obtain debtor information. Our state-of-the art methods allow us to provide successful skip tracing and asset location information such as: current address, previous addresses, phone numbers, driver license information, state professional licenses, deceased records, bankruptcy petitions, judgments, motor vehicle registrations, real estate and property assets, and will also allow us to find information on neighbors, relatives and roommates."

19. At no time did plaintiff Scott Dolemba receive a "notice of debt" as described in 15 U.S.C. §1692g.

20. On information and belief, none was sent.

**COUNT I – FDCPA**

21. Plaintiff Scott Dolemba incorporates paragraphs 1-20.

22. Defendant violated 15 U.S.C. §1692g, by failing to send the notice required by § 1692g within 5 days of defendant first contacting plaintiff.

23. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion**

**thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USC §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USC §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other and further relief as the Court deems proper.

**COUNT II – TCPA – CLASS CLAIM**

24. Plaintiff Herminia Dolemba incorporates paragraphs 1-20.

25. Plaintiff Herminia Dolemba was not obligated on the account defendant was attempting to collect.

26. Mrs. Dolemba had not furnished her cell phone number to defendant or the creditor, or authorized either to place automated calls to her.

27. Defendant violated the Telephone Consumer Protection Act, 47 U.S.C §227(b)(1)(A)(iii), by using an automated dialer to call Mrs. Dolemba's cell phone (i) without her consent and (ii) after defendant had been told to stop calling.

28. Defendant either negligently or wilfully violated the rights of Mrs. Dolemba in placing the calls.

29. Mrs. Dolemba suffered damages as a result of receipt of the call. Furthermore, her statutory right of privacy was invaded.

30. Mrs. Dolemba is entitled to statutory damages.

31. Defendant violated the TCPA even if its actions were only negligent.

32. Defendant should be enjoined from committing similar violations in the future.

33. The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .**
>
> > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;**

34. The TCPA provides, at 47 U.S.C. §227(b)(3):

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

35. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Mrs. Dolemba brings this claim on behalf of a class, consisting of (a) all persons (b) to whom Defendant placed, or caused to be placed, a call (c) to the person's cellular telephone number (d) using an automatic telephone dialing system or a prerecorded or artificial voice (e) on or after a date four years prior to the filing of this action, (f) where Defendant's records do not show that the person called consented to receiving the calls.

36. The class is so numerous that joinder of all members is impractical. Mrs. Dolemba alleges on information and belief, based on the nature of automated dialing equipment, that there are more than 40 members of the class.

37. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendant engaged in a pattern of making or causing to be made calls using an automated dialer or a recorded or artificial voice;

b. The manner in which defendant compiled or obtained its list of telephone

numbers;

c. Whether defendant obtained the consent of the called parties;

d. Whether defendant thereby violated the TCPA.

38. Mrs. Dolemba will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Mrs. Dolemba nor her counsel has any interests which might cause them not to vigorously pursue this action.

39. Mrs. Dolemba's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

40. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

41. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D.

Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc*., 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc*., 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc*., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

42. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Mrs. Dolemba requests that the Court enter judgment in favor of her and the class and against defendant for:

a. Statutory damages;

b. An injunction against the further violations;

c. Costs of suit;

d. Such other or further relief as the Court deems just and proper.

**COUNT III – ILLINOIS CONSUMER FRAUD ACT – CLASS CLAIM**

43. Plaintiff Herminia Dolemba incorporates paragraphs 1-20.

44. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making an unauthorized robocall to Mrs. Dolemba's cell phone.

45. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

46. Mrs. Dolemba suffered damages as a result of receipt of the call.

47. Defendant engaged in such conduct in the course of trade and commerce.

48. Defendant should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

49. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Mrs. Dolemba brings this claim on behalf of a class, consisting of (a) all persons with Illinois area codes (b) to whom Defendant placed, or caused to be placed, a call (c) to the persons cellular telephone number (d) using an automatic telephone dialing system or a prerecorded or artificial voice (e) on or after a date three years prior to the filing of this action, (f) where Defendant's records do not show that the person called consented to receiving the calls.

50. The class is so numerous that joinder of all members is impractical. Mrs. Dolemba alleges on information and belief, based on the nature of automated dialing equipment, that there are more than 40 members of the class.

51. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendant engaged in a pattern of making or causing to be made calls using a recorded or artificial voice;

b. The manner in which defendant compiled or obtained their list of telephone numbers;

c. Whether defendant thereby violated the TCPA and ICFA.

52. Mrs. Dolemba will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither she nor her counsel has any interests which might cause them not to vigorously pursue this action.

53. Mrs. Dolemba's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

54. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

55. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Mrs. Dolemba requests that the Court enter judgment in favor of her and the class and against defendant for:

a. Compensatory and punitive damages;

b. An injunction against further violations;

c. Attorney's fee, litigation expenses and costs of suit;

d. Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\32313\Pleading\Complaint FINAL_.wpd

**VERIFICATION**

The undersigned declare under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

Scott Dolemba

Herminia Dolemba

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

Each plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman