IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, individually, and HERMINIA DOLEMBA, individually and on behalf of the class described herein, ) ) ) ) Plaintiffs, ) ) vs. ) ) ) VISION FINANCIAL CORP., ) ) Defendant. ) | Case No.: 16-cv-3567 Judge Thomas M. Durkin Magistrate Judge Mary Rowland |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
AND PROVE UP OF DAMAGES**

On July 13, 2016, the Court entered a default order in favor of plaintiff Scott Dolemba and Herminia Dolemba ("Plaintiffs") and against defendant Vision Financial Corporation ("Defendant"). Although this case was originally filed as a class case, Plaintiffs are only seeking entry of a default judgment for their individual claims and not their claims on behalf of a class. Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant in the amount of $1,000.00 for Scott Dolemba, $6,000 for Herminia Dolemba, $6,627.00 in attorney's fees, and $442.61, for costs of suit. In support thereof Plaintiffs state as follows:

**DEFAULT**

1. Plaintiffs filed their complaint on March 24, 2016, to secure redress from collection practices of Vision Financial Corp. They allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). Plaintiff Scott Dolemba alleges Defendant is a debt collector that

1

violated 15 U.S.C. §1692g of the FDCPA by failing to send the notice required by § 1692g within 5 days of defendant first contacting plaintiff. Plaintiff Herminia Dolemba alleges Defendant violated the TCPA by using an automated dialer to call her cell phone without her consent.

2. Defendant Vision Financial Corp., is a New York corporation with its principal office located at 5301 East State Street, Lower Level, Rockford, Illinois 61108. (Exhibit A)

3. Plaintiffs served defendant at that address by process server on April 7, 2016. (See Docket No. 15.)

4. Fed. R. Civ. P. 12(a)(1) requires a defendant to serve an answer to a complaint "within 21 days after being served with the summons and complaint."

5. Defendant was required to appear and serve an answer to plaintiff's complaint on or before April 28, 2016.

6. As of the date of this motion, defendant has neither filed an appearance, filed an answer to the complaint, nor otherwise pled.

7. On June 21, 2016, Plaintiffs filed a motion for entry of default (*See* Docket No. 18), which this Court granted on July 13, 2016 (*See* Docket No. 20).

8. The complaint alleges that Defendant violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692g ("FDCPA") in that:

    a. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

    b. Defendant, Vision Financial Corp., is a debt collector as defined in the FDCPA.

c. Defendant has been attempting to collect from plaintiff Scott Dolemba an alleged wireless cell phone debt incurred, if at all, for personal, family or household purposes.

d. On Thursday, January 28, 2016, at about 7:19 p.m., plaintiff Scott Dolemba received a call on his cell phone from 630/ 318-4608. The person on the line eventually identified himself as "Abner" from Vision Financial and sought to collect a Verizon debt, allegedly owed by Scott Dolemba.

e. On Tuesday, February 9, 2016, at about 9.35 a.m., "Abner" called Scott Dolemba again. The number that appeared as the originating number was 630/ 592-8715. Mr. Dolemba asked him to stop calling.

f. At no time did plaintiff Scott Dolemba receive a "notice of debt" as described in 15 U.S.C. §1692g, which requires one be sent within 5 days of Defendant's first contacting Plaintiff.

g. On information and belief, none was sent.

9. The Complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in that:

a. Vision Financial uses automated dialing equipment. It states on its web site (www.visionfinancialcorp.com/vision_choice_technology.html) that it has "A superior skip-tracing system that accesses thousands of telephone numbers every hour. If a customer has moved or changed phone numbers, our system doesn't miss a beat -- enabling our account reps to

reach that person just as quickly. [¶] Vision uses one of the most efficient predictive dialers, which eliminate the down time between calls. Every minute of an account representative's time is spent working to collect your receivables."

b. On February 9, 2016, at about 11:24 a.m., the same day that Scott Dolemba received a call from Defendant, Herminia Dolemba received a call from the same number.

c. Herminia Dolemba received another call on her cell phone on February 11, 2016. On information and belief, this call was also placed using automated dialing equipment. The call was placed from 877/363-9934.

d. Herminia Dolemba received another call on her cell phone on February 16, 2016. On information and belief, this call was also placed using automated dialing equipment. The call was placed from 630/592-8990.

e. Herminia Dolemba received another call on her cell phone on February 18, 2016. On information and belief, this call was also placed using automated dialing equipment. The call was placed from 630/246-4075.

f. On information and belief, all of these numbers are used by Vision Financial and are part of the same automated system used to place outgoing calls.

g. Plaintiff Herminia Dolemba was not obligated on the account defendant was attempting to collect.

h. Herminia Dolemba had not furnished her cell phone number to defendant

4

or the creditor, or authorized either to place automated calls to her.

  i. Defendant violated the Telephone Consumer Protection Act, 47 U.S.C §227(b)(1)(A)(iii), by using an automated dialer to call Herminia Dolemba's cell phone (i) without her consent and (ii) after defendant had been told to stop calling.

  j. Defendant willfully or knowingly made calls to Plaintiff Herminia Dolemba's cellular telephone in violation of the TCPA.

10. The Complaint alleges that Defendant violated the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") in that:

  a. It made an unauthorized robocall to Herminia Dolemba's cell phone.

  b. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

  c. Herminia Dolemba suffered damages as a result of receipt of the call.

  d. Defendant engaged in such conduct in the course of trade and commerce.

## **DAMAGES**

11. 15 U.S.C. §1692k provides that: "(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

12. Scott Dolemba requests the maximum $1,000.00 for the violations of the FDCPA.

13. 47 U.S.C. §227(b)(3) provides that: "if the Court finds that the Defendant willfully or knowingly violated this subscription or the regulations prescribed under this

subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

14. Herminia Dolemba is entitled to recover $1,500.00 for each of the four phone calls made to her cellular phone by Defendant.

15. Herminia Dolemba is entitled to recover a total of $6,000.00 in statutory damages from Defendant.

### ATTORNEY'S FEES AND COSTS

16. 15 U.S.C. §1692k(a)(3) provides for the award of attorney's fees and cost of suit.

17. The ICFA, 815 ILCS 505/10(a), provides for the award of attorney's fees and cost of suit where the deceptive practice resulted in actual damages.

21. Plaintiffs' counsel took this case on a contingency basis over nine months ago. Plaintiffs' counsel invested money in this litigation, despite the risk that the claims might not succeed. The efforts made by counsel are set forth in detail on counsel's time and expense records, which are attached, with a declaration supporting their rates, as Exhibit B.

22. The hourly rates for the attorneys set forth in Exhibit B are the same as the regular current rates awarded for their services in other contingent matters. The firm adjusts them annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area.

WHEREFORE, Plaintiffs respectfully request that an order of default judgment be entered against Defendant Vision Financial Corp. and in Plaintiffs' favor in the amount of $1,000.00 in statutory damages for Scott Dolemba, $6,000 in statutory damages for Herminia Dolemba, plus $6,627.00 in attorney's fees and $442.61 in costs of suit, for a total amount of

$14,069.61.

>Respectfully submitted,
>
> s/ Michelle A. Alyea
>Michelle A. Alyea

Daniel A. Edelman
Cathleen M. Combs,
James O. Latturner
Cassandra P. Miller
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

       I, Michelle A. Alyea, hereby certify that on September 2, 2016, I caused to be filed the foregoing documents via the CM/ECF System. I further certify that on this date, or as soon thereafter as service may be effectuated, I will cause to be served a true and accurate copy of the foregoing documents via U.S. Mail:

                                               s/ Michelle A. Alyea
                                              Michelle A. Alyea


Daniel A. Edelman
Cathleen M. Combs,
James O. Latturner
Cassandra P. Miller
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)